UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
DAVID ROBINSON,                                             :
                                                            :
                    Petitioner,                             :
                                                            :        07 Civ. 2890 (GEL)
     -against-                                              :
                                                            :        **OPINION AND ORDER**
L. SEARS, Superintendent, Franklin Correctional             :
Facility, et al.,                                           :
                                                            :
                    Respondents.                            :
                                                            :
------------------------------------------------------------x

David Robinson, pro se.

Andrew M. Cuomo, Attorney General of the State of New York (Alyson J. Gill, Priscilla Steward, Assistant Attorneys General, Of Counsel), New York, NY, for respondents.

GERARD E. LYNCH, District Judge:

      David Robinson, a New York State prisoner, seeks a writ of habeas corpus, arguing that he has been unconstitutionally denied bail pending appeal of his state conviction on weapons and assault charges, and resulting five-year prison sentence. The petition will be denied.

      Robinson has pending appeals before the Appellate Division of the New York Supreme Court both of his conviction and of the denial of a motion pursuant to N.Y.C.P.L. § 440.10 to vacate that conviction. The Appellate division has twice denied his application for bail pending resolution of those appeals. (Resp. Exs. I, N.)

      A writ of habeas corpus may not be granted to "a person in custody pursuant to the judgment of a state court" based on a claim adjudicated on the merits in state court, unless the state court decision was "contrary to, or involved an unreasonable application of" Supreme Court

pronouncements of federal law.  28 U.S.C. § 2254(d)(1).  Although Robinson challenges only a bail decision of the state courts, and not the underlying judgment of conviction, he is unquestionably "in custody pursuant to the judgment" of conviction in the state courts.  The restrictive standard of deference in § 2254(d)(1) thus applies.

Even before that standard was adopted in 1996, the Second Circuit had made clear that the role of a federal habeas court in reviewing a state denial of bail pending appeal is extremely limited.  In Finetti v. Harris, 609 F.2d 594 (2d Cir. 1979), the Court of Appeals noted that "there is no absolute federal constitutional right to bail pending appeal."  Id. at 599.  The Court did, however, rule that "once a state makes provision for such bail, the Eighth and Fourteenth Amendments require that it not be denied arbitrarily or unreasonably."  Id.  The Court further emphasized that applications for bail are initially addressed to the sound decision of the state courts, and that federal habeas courts "do not . . . sit as appellate courts to review the use or abuse of discretion of state courts in the granting or withholding of bail pending appeal."  Id. at 600, quoting Bloss v. Michigan, 421 F.2d 903, 906 (6th Cir. 1970) (internal quotation marks omitted).  To secure a writ of habeas corpus, a petitioner "bears the burden of showing that there is no rational basis in the record for the denial of bail."  Id. at 601.

The Supreme Court has said little about the constitutional status of the right to bail.  The Eighth Amendment provides that "[e]xcessive bail shall not be required."  U.S. Const. amend. VIII.  While the Supreme Court has stated that "[b]ail, of course, is basic to our system of law," and noted that courts have "assumed" that the protections of the bail clause of the Eighth Amendment are incorporated in the due process clause of the Fourteenth Amendment, Schilb v. Kuebel, 404 U.S. 357, 365 (1971), the Court has never authoritatively held that the bail clause

applies to the states. Whether or not the specific provisions of the Eighth Amendment are thus incorporated, however, the Supreme Court has tested state pretrial detention regimes against the standards of due process. See Schall v. Martin, 467 U.S. 253 (1984).

What if any substantive restrictions the Eighth Amendment places on state decisions to deny bail pending appeal is also a subject on which the Supreme Court has said little or nothing. In Stack v. Boyle, 342 U.S. 1 (1951), the Supreme Court addressed the implications of that provision for *pretrial* bail, a subject to which the Court returned in United States v. Salerno, 481 U.S. 739 (1987). Although individual justices, addressing applications for bail pending appeal to the Supreme Court, have referenced the Eighth Amendment as informing their decisions, see, e.g., Truong Dinh Hung v. United States, 439 U.S. 1326, 1329 (1978) (Brennan, J., in chambers) ("[T]he command of the Eighth Amendment that '[e]xcessive bail shall not be required . . .' *at the very least* obligates judges passing upon the right to bail to deny such relief only for the strongest of reasons.") (emphasis in original) (citation and some internal quotation marks omitted), the Court itself has apparently never addressed the constitutional implication of rules on state regimes for bail pending appeal.

For purposes of deciding this petition, however, it is unnecessary to consider whether the interaction of the deference standard of § 2254(d)(1) and the dearth of Supreme Court case law on the constitutional status of state court denials of bail pending appeal affects the authority of Finetti, or further narrows the circumstances under which a habeas court may grant relief to petitioners denied such bail. Even under the Finetti standard, Robinson cannot prevail. Under Finetti, petitioner bears the substantial burden of establishing that there is no rational basis for the denial of release on bail pending appeal. As Finetti itself demonstrates, the mere fact that an

3

appellant has substantial community ties that militate against a finding of risk of flight does not render a denial of bail irrational. 609 F.2d at 601 (noting petitioner's community ties). The Constitution permits courts to consider danger to the community, as well as flight risk, in making bail determinations, even for defendants awaiting trial, to whom a presumption of innocence attaches. See Salerno, 481 U.S. at 746; Schall, 467 U.S. at 264. Such consideration is even more clearly applicable in the case of defendants who have been found guilty of serious crimes, and are awaiting appeal. In such cases, it is common to place a heavy burden on appellants to justify release on bail. Cf. 18 U.S.C. § 3143(b) (requiring defendant to demonstrate by clear and convincing evidence that he is not likely to flee or pose a danger to the community, and that his appeal raises a substantial question of law or fact likely to result in a successful outcome).

      Robinson, however, has made no such showing. He has a prior criminal record, having been convicted of sale of narcotics on a previous occasion. (Resp. Mem. 6.) He has now been convicted of assault and weapons possession, crimes indicating a potential for violence and danger to others. The particular facts of the instant offenses, in which the jury could have found that Robinson shot a man in the head and then proceeded to punch and kick him, further indicate danger. (Id. at 6-7.) Moreover, he faces a substantial prison term, which creates an inducement to flight. See N.Y.C.P.L. § 510.30(2)(a)(viii) (in determining whether petitioner is a flight risk, state court must take into account the sentence imposed on conviction). The record thus suggests that the state courts had ample rational basis for denying bail pending appeal.

      Nor is this a case in which petitioner has shown some obvious defect in his conviction, such as to demonstrate that his appeal has an extraordinary likelihood of success. Federal courts addressing petitions for habeas corpus in this situation have rightly been reluctant to assess the

merits of pending state appeals. See Jones v. O'Keefe, No. 99 Civ. 12279, 2000 WL 1290595, at *5 (S.D.N.Y. Sept. 12, 2000); Danylocke v. Dalsheim, 662 F. Supp. 961, 964 (S.D.N.Y. 1987). It suffices here to say that Robinson's arguments, whatever the state courts' ultimate conclusion about their merit or lack of it, present nothing outside the ordinary run of appellate claims, the merits of which are disputable. Robinson's allegations of perjury, incompetence and conspiracy on the part of the state courts and prosecutors in connection with this case and his prior conviction (see Pet. Mem. 5-8, Resp. Ex. K 6, 15-18) add nothing to the persuasiveness of his showing.

As the Court of Appeals noted in Finetti, "bail decisions are predicated on a delicately calibrated balancing, on the one hand, of concern for the rights of defendants, and on the other hand, of concern for the protection and security of the community." 609 F.2d at 602. Such decisions are best left to the courts with direct familiarity with the case, in this case, the state trial and appellate courts. Absent a showing that those courts acted irrationally – a showing Robinson has not made – a federal court has no basis to overturn their decisions.

Accordingly, the petition for habeas corpus is denied. As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2). Petitioner may, however, pursue any further appellate relief *in forma pauperis*.

SO ORDERED.

Dated: New York, New York
October 9, 2007

_____
GERARD E. LYNCH
United States District Judge